### GARMON v. STATE.
No. AP-76-8.
Circuit Court, Dade County, Criminal Appeal.

September 10, 1976.

Phillip A. Hubbart, Public Defender, Karen M. Gottlieb, Assistant Public Defender, for the appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for the appellee.

ALAN R. SCHWARTZ, Circuit Judge.

The appellant was convicted in the Dade County Court of displaying a suspended driver's license in violation of F.S. §322.32. The record establishes, however, that upon the defendant's failure under F.S. §318.14(4) either voluntarily to pay the civil penalty imposed for his alleged traffic violation or forfeit a bond (which was not posted in this case), he was *not* "cited to appear before an official" for a determination as to his guilt or innocence. In the absence of a waiver of such a citation, an alleged traffic offender must, under F.S. §318.14(1), be *both* cited for the "infraction" itself (by the police officer) *and* "cited to appear before an official." In essence, therefore, the appellant's license, in this case, was administratively suspended merely because he failed to pay the civil penalty voluntarily. Such a suspension is clearly not permitted by the applicable law. Since this is true, the appellant's license was not lawfully under suspension at the time of the alleged offense. The judgment below therefore cannot stand and it is hereby reversed with directions to discharge the defendant.